UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WHEELER,<br><br>        Plaintiff,<br><br>    v.<br><br>THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, et al.,<br><br>        Defendants. | Case No. 24-cv-07773-HSG<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: Dkt. No. 19 |

Pending before the Court is Plaintiff David Wheeler's motion to remand, Dkt. No. 19. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons set forth below, the Court GRANTS Plaintiff's motion to remand.

**I.   BACKGROUND**

Plaintiff, a citizen of California, filed this action in Lake County Superior Court on July 3, 2024, alleging that a leader within the Highlands Ward of the Church of Latter-day Saints sexually abused him from 1977 to 1978. Dkt. No. 1-1. Consistent with California Civil Code of Procedure ("CCCP") § 340.1(l), Plaintiff's complaint named all the Defendants as "Does." The complaint identifies Defendant Doe 1 as a "foreign religious corporation, incorporated in the state of Utah [and] registered to conduct business in the State of California." *Id.* at 3. And it identifies Defendants Doe 2 and Doe 3 as "foreign religious corporation[s], incorporated in the state of California [and] registered to conduct business in the State of California." *Id.*[1] The remaining Does 4 through 10 are "individuals, corporations, and/or other entities whose true names and

---

[1] Plaintiff refers to Doe Defendant 2 as a California corporation in the Complaint, Dkt. No. 1-1, and as a Utah corporation in the motion to remand, Dkt. No. 19.

1  capacities are unknown to Plaintiffs at this time" but who are "negligent or in some other manner
2  liable or responsible for the events and happenings alleged in this Complaint." *Id.* at 4.
3        On November 6, 2024, the Defendants filed a response to the complaint, appearing in the
4  action using their unmasked identities. Dkt. No. 1-2.[2] The following day, Defendants removed
5  the case under 28 U.S.C. § 1332(a) based on diversity jurisdiction. *Id.* Plaintiff now moves to
6  remand for lack of subject matter jurisdiction. Dkt. No. 19 ("Mot."), Dkt. No. 25 ("Opp."), Dkt.
7  No. 26 ("Reply").

## II. LEGAL STANDARD

A suit may be removed from state court to federal court only if the federal court would have had subject matter jurisdiction over the case. *See* 28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The party seeking removal bears the burden of establishing federal jurisdiction. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).

## III. DISCUSSION

Plaintiff argues that the Court must disregard the citizenship of Defendants because they were fictitiously named. Mot. at 6. The parties agree that CCCP section 340.1 required Plaintiff to name Defendants under the fictitious "Doe" title. Mot. at 6; Opp. at 5. 28 U.S.C. § 1441(b)(1) plainly states that "[i]n determining whether a civil action is removable on the basis of [diversity jurisdiction], the citizenship of defendants sued under fictitious names shall be disregarded." But according to Defendants, "[s]ection 1441(b)(1) does not require the Court to disregard the citizenship of Defendants who have appeared in an action." Opp. at 7. Defendants contend that they were "no longer Does at the time of removal" because "Plaintiff had served each of the

---

[2] Defendants identified themselves as: (1) The Church of Jesus Christ of Latter-day Saints, (2) Temple Corporation of The Church of Jesus Christ of Latter-day Saints, and (3) and Corporation of the President of the Santa Rosa California Stake. Dkt. No. 1-2.

United States District Court
Northern District of California

1  Defendants, and all of the Defendants had appeared in the action by answering the Complaint in
2  their own names." *Id.*

3  Courts assess diversity at the time a complaint is filed. *See Strotek Corp. v. Air Transp.*
4  *Ass'n. of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002) ("[Diversity] is determined (and must exist) as
5  of the time the complaint is filed . . ."). When Plaintiff's complaint was filed, Defendants were
6  Does, and it was not until four months later that they appeared using their true identities. Dkt.
7  Nos. 1-1, 1-2. The Ninth Circuit instructs that "[t]he removal statute is strictly construed."
8  *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). Strictly construing it
9  here, the Court disregards "the citizenship of defendants sued under fictitious names." 28 U.S.C.
10 § 1441(b)(1).[3] Accordingly, a "rare scenario" exists here, in that the "sole plaintiff is a citizen of
11 one state, and every single defendant (for purposes of assessing removal based on diversity
12 jurisdiction) is effectively a citizen of no state" such that "the Court lacks diversity jurisdiction."
13 *Geppert v. Doe 1*, No. 23-CV-03257-SVK, 2023 WL 5804156, at *3 (N.D. Cal. Sept. 7, 2023);
14 Mot. at 7. *See Bisagno v. Home Depot U.S.A., Inc.*, No. 24-CV-04414-HSG, 2024 WL 4733511,
15 at *2 (N.D. Cal. Oct. 29, 2024). Therefore, Plaintiff's motion to remand, Dkt. No. 19, is granted.[4]

16 Finally, as an aside, the Court notes that CCCP section 340.1, the California statute at issue
17 here, sets forth specific procedures through which a plaintiff can "unmask" a defendant's identity,
18 enabling plaintiffs to sue defendants under their true names rather than the "Doe" moniker. *See* §
19 340.1(k)-(n). But the statute's default "Doe" naming requirement incentivizes plaintiffs to keep
20 defendants' identities masked in order to stay in state court. This potentially unintended statutory
21 consequence is not relevant for purposes of the analysis here. It will fall to the California
22 legislature to address this issue if it finds it problematic.

---

[3] Other courts in this Circuit have recently conducted the same analysis and reached the same result. *See Roe DC 57 v. Doe 1*, No. CV 24-9542-GW-AGRX, 2025 WL 484809 (C.D. Cal. Feb. 13, 2025); *Roe MG 60 v. Doe 1*, No. 24-CV-07666-RFL, 2025 WL 472291 (N.D. Cal. Feb. 11, 2025).

[4] The Court need not and does not reach the alternative arguments that Plaintiff and Defendants raise. However, the Court notes that "[i]n the Ninth Circuit, a defendant is not fraudulently joined 'if there is *any possibility* that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint.'" *Tuuholoaki v. Bayer AG*, No. 2:20-CV-05391-SVW-AS, 2020 WL 6826474, at *2 (C.D. Cal. Sept. 15, 2020) (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)).

## IV. CONCLUSION

The Court GRANTS Plaintiff's motion, Dkt. No. 19, and REMANDS this action to the Superior Court of California for the County of Lake.

**IT IS SO ORDERED.**

Dated: 4/7/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge